# IN THE SUPREME COURT OF THE STATE OF NEVADA

NATIONSTAR MORTGAGE, LLC,
Appellant,
vs.
JACKEL PROPERTIES, LLC, A
LIMITED LIABILITY COMPANY; AND
JACK DONALD EUGENE WEBB, AN
INDIVIDUAL,
Respondents.

No. 75040

FILED

MAR   5 2019

ELI    . BROWN
CLERK OF    . EME COURT
BY
     DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment in an action to quiet title to real property. Eighth Judicial District Court, Clark County; James Crockett, Judge. Reviewing the summary judgment de novo, *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005), we reverse and remand.[1]

The district court erroneously granted summary judgment for respondents, as appellant's agent Miles Bauer tendered $1935 to the HOA's agent Alessi & Koenig (A&K), which undisputedly represented 9 months of assessments. *See Bank of Am., N.A. v. SFR Invs. Pool 1, LLC*, 134 Nev., Adv. Op. 72, 427 P.3d 113, 117 (2018) (stating that, as explained in prior decisions, "[a] plain reading of [NRS 116.3116(2) (2012)] indicates that the superpriority portion of an HOA lien includes only charges for maintenance and nuisance abatement, and nine months of unpaid [common expense] assessments"). The tender of the defaulted superpriority portion of the HOA's lien cured the default as to that portion of the lien such that the

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

SUPREME COURT
OF
NEVADA

(O) 1947A

19-11586

ensuing foreclosure sale did not extinguish the first deed of trust. *Id.* at 118-21.

Respondents contend that A&K had a good-faith basis for rejecting the tender.[2] But A&K's subjective good faith in rejecting the tender is legally irrelevant, as the tender cured the default as to the superpriority portion of the lien by operation of law. *Id.* at 120. Because the superpriority portion of the lien was no longer in default following the tender, the ensuing foreclosure sale was void as to the superpriority portion of the lien, and A&K's basis for rejecting the tender could not validate an otherwise void sale in that respect. *Id.* at 121 ("'A foreclosure sale on a mortgage lien after valid tender satisfies that lien is void, as the lien is no longer in default.'" (quoting 1 Grant S. Nelson, Dale A. Whitman, Ann M. Burkhart & R. Wilson Freyermuth, Real Estate Finance Law § 7.21 (6th ed. 2014))); *see* Restatement (Third) of Prop.: Mortgages § 6.4(b) & cmt. c (Am. Law Inst. 1997) (stating that a party's reason for rejecting a tender may be relevant insofar as that party may be liable for money damages but that the reason for rejection does not alter the tender's legal effect). Respondents also argue that appellant was required to demonstrate that its agent's trust account contained sufficient funds to cover the amount of the tender check. Because that argument is raised for the first time on appeal, we need not consider it. *See Old Aztec Mine, Inc. v. Brown,* 97 Nev. 49, 52, 623 P.2d 981, 983 (1981).

Respondents further contend that the tender was ineffective because (1) it imposed conditions, (2) evidence of the tender needed to be recorded, and (3) respondents are protected as bona fide purchasers, but we

---

[2]The record contains no explanation by A&K for its rejection and thus offers no support for respondents' argument.

recently rejected similar arguments. *Bank of Am.*, 134 Nev., Adv. Op. 72, 427 P.3d at 118-21. Respondents have not identified any condition that appellant's agent was not legally entitled to impose. We reject respondents' argument that the letter accompanying the check contained conditions purporting to absolve appellant of any future liability that it may have to the HOA. The letter refers to "the facts stated herein" in considering appellant's obligations to the HOA to be "paid in full," which can only be reasonably construed as contemplating the underlying foreclosure proceeding and not a future scenario in which appellant might again need to cure a default as to the superpriority portion of the HOA's lien to protect its first deed of trust from foreclosure. Accordingly, respondents took title to the property subject to the deed of trust. We therefore

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.

_____, J.
Hardesty

_____, J.
Stiglich

_____, J.
Silver

cc:    Hon. James Crockett, District Judge
       Janet Trost, Settlement Judge
       Akerman LLP/Las Vegas
       Law Offices of Michael F. Bohn, Ltd.
       Eighth District Court Clerk